UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | * |
| | * Criminal No. 15-cr-10212-IT |
| v. | * |
| | * |
| PRINCEHAKEEM AWOLESI, | * |
| Defendant, | * |

## ORDER MODIFYING CONDITIONS OF RELEASE
### March 8, 2016

**TALWANI, D.J.:**

After the Defendant was charged with violating a state court restraining order, this court held a preliminary hearing to determine if there was probable cause to establish that the Defendant had violated a condition of his pretrial release. In the absence of evidence that the alleged Facebook posting was directed at the Defendant's ex-wife, the court did not make a probable cause finding of such violation. The information presented at the hearing, however, has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community. Accordingly, and after consideration of the available information concerning the nature and circumstances of the offense charged, the Defendant's tender of a guilty plea, the history and characteristics of the Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release, the court finds the following combination of conditions to be the least restrictive conditions that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

Accordingly, IT IS ORDERED that the Defendant's release is subject to these conditions:

(1) All conditions set forth in the prior ORDER SETTING CONDITIONS OF RELEASE remain in effect.

(2) HOME DETENTION: The Defendant is restricted to his residence at all times except for employment and job searching; religious services; medical treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the Probation Office.

(3) ELECTRONIC MONITORING: The Defendant must submit to location monitoring as directed by the Probation Office and comply with all of the program requirements and instructions provided. The Defendant must pay all or part of the cost of the program based on his ability to pay as determined by the Probation Office.

(4) TRAVEL RESTRICTION: The Defendant must not travel into Stoughton, Massachusetts, except for court appearances or court-ordered obligations, with advance notice to the Probation Office.

(5) RESTRICTION ON PERSONAL ASSOCIATION: The Defendant must avoid all contact, directly or indirectly, with his ex-wife, Jovita Anoruo, except with advance notice to the Probation Office, before judicial officers at the Stoughton District Court.

(6) COMPUTER MONITORING: The Defendant shall allow the Probation Office to install software (IPPC or other) designed to monitor computer activities on any computer the Defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on the computers the Defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The Defendant will pay any costs related to the monitoring of his computer usage.

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both. The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

Lynn  08190 2
City and State              Telephone

## Directions to the United States Marshal

The Defendant is ORDERED released after processing.

Date: March 8, 2016

_____
Signature of Judge/Clerk

Indira Talwani, U.S.D.J.
Name and Title of Judge